IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ALFREDO GARCIA,<br><br>    Petitioner,<br><br><br><br>    vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER DENYING MOTION TO<br>VACATE SENTENCE UNDER 28<br>U.S.C. § 2255<br><br><br><br>Case No. 1:06-CV-00059 PGC |

Petitioner Alfredo Garcia pleaded guilty to reentry of a removed alien and possession

with the intent to distribute over 50 grams of methamphetamine. This court sentenced him to

180 months imprisonment for both charges, a sentence to which his counsel and the government

stipulated.[1] The Tenth Circuit dismissed his appeal for lack of jurisdiction since he stipulated to

the sentence.

Mr. Garcia now seeks relief from his sentence under 28 U.S.C. § 2255, claiming that he

was denied effective assistance of counsel because his attorney failed to realize he was allegedly

entitled to a three-level departure for acceptance of responsibility and failed to object to this error

---

[1] *See United States v. Valenzuela-Garcia*, 1:03-CR-00124; *United States v. Valenzuela-Garcia*, 1:03-CR-00052.

Dockets.Justia.com

at sentencing.  The court cannot accept Mr. Garcia's arguments.  The efforts of Mr. Garcia's

attorney on his behalf resulted in a fair and reasonable sentence and do not even come close to

satisfying the two-part test for ineffective assistance of counsel established in *Strickland v.*

*Washington*.[2]

The court therefore DENIES Mr. Garcia's motion to vacate his sentence under 28 U.S.C.

§ 2255 (Docket No. 1).  The clerk's office is directed to close this case.

SO ORDERED.

DATED this 15th day of May, 2006.

BY THE COURT:

_____

Paul G. Cassell
United States District Judge

---

[2]466 U.S. 668, 688, 691–92 (1984).